UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARLON SIKES and DENISE SIKES, § <br> Plaintiffs, § <br> v. § <br> § <br> ALAMO CRANE SERVICE, INC., et al., § <br> Defendants. § | C.A. No. C-06-406 |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

On November 1, 2006, defendant Alamo Crane Service filed a Motion to Transfer Venue to the Victoria Division or in the alternative to the San Antonio Division of the Western District of Texas (D.E. 6). On November 13, 2006, plaintiffs filed a Response to Defendant's Motion to Transfer Venue (D.E. 10). For the following reasons, the Court DENIES defendant's motion.

Alamo argues transfer pursuant to 28 U.S.C. § 1404(a) or (b). Section 1404(b) states that upon "consent . . . of all parties," an action may be transferred from one division to another. 28 U.S.C. § 1404(b) (2002). Alamo's argument based on § 1404(b) is inapplicable: The motion to transfer venue is opposed—it is not "with consent" of all parties. The only issue is should the Court transfer this case based on §1404(a).

I.  Legal Framework—28 U.S.C. § 1404(a)

The movant bears the burden of demonstrating that the court should transfer venue pursuant to § 1404(a). *See Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1437 (5th Cir.

1

1989). In deciding whether a venue transfer is appropriate, the court weighs private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The movant must demonstrate that the factors justify transfer. The private factors include: (1) the ease of access to evidence; (2) the availability and convenience of witnesses and parties; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial easy, expeditious, and inexpensive. *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the forum's familiarity with underlying law; and (4) the avoidance of choice-of-law problems. *Id.* (citing *Piper Aircraft Co.*, 454 U.S. at 241).

II.   Application

Alamo states that the accident occurred in the Victoria Division and that neither defendant resides in Corpus Christi. Those two reasons are all that Alamo provides to support its argument that the Victoria Division should hear this case. Alamo has not met the required burden. The plaintiff's choice of forum should rarely be disturbed unless the balance is strongly in defendant's favor. *Peteet*, 868 F.2d at 1437.

Alamo has not engaged in analyzing the factors. Specifically, Alamo fails to identify any particular witnesses whose convenience would be increased if this case were transferred to Victoria. Alamo also fails to show that access to evidence would be more convenient if this case were transferred to Victoria. Similarly, Alamo has not indicated whether transfer

to Victoria offers lower costs for obtaining witnesses. Finally, Alamo fails to demonstrate how trial would be more inexpensive and expeditious in Victoria. The fact that the accident occurred in Victoria is "like all other factors, [it] is only part of the equation." *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 827 (S.D. Tex. 1993); *see In re Volkswagen AG*, 371 F.3d at 203 (stating that no factor is given "dispositive weight"). Alamo has failed to provide the required evidence to support transfer.

Defendant's Motion to Transfer Venue (D.E. 6) is DENIED.

ORDERED this ____29____ day of ____November____, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE

3